**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1801**

RICHARD DARRELL TRIGG,

              Plaintiff - Appellant,

      v.

MARY KATHERINE JONES; ERNEST HAROLD JONES; JERI MORRILL; JOANNE HARDY; WILLIAM (BILL) HORACE HORTON; JANET HORTON; CLAIRE HORTON; DAVID HORTON; CONNIE HORTON; DANIEL HORTON; CHAD JONES; LEISA WINTZ,

              Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:17-cv-00013-JPJ-PMS)

Submitted:  October 24, 2017                   Decided:  October 30, 2017

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard Darrell Trigg, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Darrell Trigg appeals the district court's order accepting the recommendation of the magistrate judge and dismissing his complaint on initial review under 28 U.S.C. § 1915(e)(2)(B) (2012). The district court held that Trigg did not have standing to raise the claims he asserted, and that his claims were barred by the *Rooker–Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). We affirm the dismissal without prejudice of Trigg's complaint, though not on the grounds articulated by the magistrate judge and adopted by the district court.

We review de novo a district court's dismissal for lack of standing, *Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009), and a district court's dismissal pursuant to the *Rooker–Feldman* doctrine, *Burrell v. Virginia*, 395 F.3d 508, 511 (4th Cir. 2005). Because Trigg sought relief based, at least in part, on allegations that Defendants' actions caused him personally to suffer financial harm, we conclude that dismissal of this action for lack of standing was unwarranted. *See Bishop*, 575 F.3d at 423 (discussing constitutional and prudential components of standing). Further, while Trigg's complaint contains multiple references to a Tennessee divorce judgment, we do not read his complaint as inviting the district court to review or disturb that judgment. Consequently, the *Rooker–Feldman* doctrine does not apply. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

However, we affirm the district court's dismissal on the alternate ground that Trigg's complaint failed to state a claim on which relief may be granted. *See* 28 U.S.C.

2

§ 1915(e)(2)(B)(ii); *Willner v. Dimon*, 849 F.3d 93, 103 (4th Cir. 2017) (this court may affirm district court's judgment on any ground appearing in the record). Trigg's claims for relief were based on a now-repealed Tennessee statute that criminalized the exploitation of vulnerable adults. *See* Tenn. Code Ann. § 39-14-111 (2015) (repealed 2017). Although this statute created a private right of action, Trigg did not plausibly allege that he was among the individuals entitled to bring such an action, *see id.* § 39-14-111(h), nor does it appear that any of Defendants' alleged activities occurred during the period the statute was in effect. To the extent Trigg attempted to raise any other cause of action, his allegations were too vague and conclusory to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). As a result, this action was subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*